THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 24-CV-1755 |
| v. | ) ) ) | Hon. Judge Gottschall |
| UTILITIES CONSERVATION CO., LLC | ) ) | Magistrate Judge Holleb Hotaling |
| Defendant. | ) ) | |

**PLAINTIFFS' FIRST MOTION TO COMPEL DISCOVERY**

Pursuant to Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure, Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND (the "Fund"), by and through their undersigned attorneys, hereby move this Court for entry of an order compelling Defendant, UTILITIES CONSERVATION CO. LLC ("UCC"), to answer Plaintiffs' First Set of Interrogatories and First Requests for the Production of Documents, including by producing all responsive documents. In support of their Motion, the Fund states as follows:

1

**PROCEDURAL BACKGROUND**

1. On December 3, 2024, Plaintiffs served their First Requests for Admission (Ex. 1), First Set of Interrogatories (Ex. 2), and First Requests for the Production of Documents (Ex. 3) on UCC.

2. On December 29, 2025, Defendant requested that its deadline to respond to Plaintiffs' First Requests for the Production of documents and First Set of Interrogatories be extended from January 2, 2025, to January 24, 2025, to which Plaintiffs agreed.

3. UCC served its Answers to Plaintiffs' First Requests for Admission on January 24, 2025.

4. On January 24, 2025, Defendant stated that it intended to issue a settlement offer by February 7, 2025, and that it hoped to prioritize revising its contribution reports and formulating that offer. Defendant therefore requested that its deadline to respond to Plaintiffs' First Requests for the Production of documents and First Set of Interrogatories be further extended to February 14, 2025, to which Plaintiffs agreed.

5. On February 28, 2025, because UCC had failed to issue a settlement offer or respond to Plaintiff's First Set of Interrogatories or Requests for Production, Plaintiffs issued a deficiency letter via email to UCC requesting a conference to discuss UCC's failure to provide discovery responses, pursuant to Local Rule 37.2, within 10 days following the date of the letter.

6. UCC did not respond to Plaintiffs' request for a conference to discuss UCC's responses to Plaintiffs' discovery requests.

7. UCC has continually taken the position that it intends to settle the case if at all possible and that it has devoted its efforts toward revising its contribution reports, rather than

2

responding to Plaintiffs' discovery requests, in order to limit legal fees and improve the prospect of settlement.

8. As of the date of this Motion, UCC has not raised any objections to Plaintiffs' First Set of Interrogatories or Requests for Production.

9. As of the date of this Motion, UCC has failed to respond to any of the requests made in Plaintiffs' First Set of Interrogatories or Plaintiffs' First Requests for Production.

## REQUESTS AT ISSUE[1]

- Request for Production #2, in which the Fund asks UCC to produce master lists of all employees, yearly summaries of regular, overtime, and double time hours, and corresponding earnings, and job site lists, for the period of May 1, 2023, through present.
- Request for Production #3, in which the Fund asks UCC to produce all communications between UCC and the National Electrical Contractors Association, or any chapter thereof, related to UCC's monthly contribution reports and payments to the Fund, including but not limited to UCC's attempts to submit, revise, correct, or finalize its contribution reports, for the period of May 1, 2023, through the present.
- Request for Production #5, in which the Fund asks UCC to produce all documents that relate in any way to the date or dates by which UCC was required to remit contributions to the Fund during the period of May 1, 2023, through the present.
- Request for Production #6, in which the Fund asks UCC to produce all documents that relate in any way to the Fund's demand that UCC pay delinquent contributions for the period of May 2023 through November 2023, including but not limited to all communications between or among UCC and/or UCC's officers, officials, agents, employees, and/or representatives regarding the Fund's demand for payment and/or UCC's response to this demand.
- Request for Production #7, in which the Fund asks UCC to produce all payroll and timekeeping records for any and all persons who performed work for UCC which was governed, or arguably governed, by one or more of the CBAs during the period of May 1, 2023, through the present.
- Request for Production #8, in which the Fund asks UCC to produce any documents relevant to any claim asserted against Defendant in this action.
- Request for Production #9, in which the Fund asks UCC to produce any documents relevant to any defense asserted by Defendant in this action, including but not limited to the assertion that Defendant paid, or is not required to pay, the delinquent contributions claimed due by the Fund.
- Request for Production #10, in which the Fund asks UCC to produce any documents identified in response to Plaintiffs' Interrogatories.

---

[1] Any Answers or Responses not mentioned herein are excluded from this Motion.

3

- Request for Production #11, in which the Fund asks UCC to produce any documents Defendant intends to rely upon in this litigation to prove or disprove any defense.
- Interrogatory #1, in which the Fund asks UCC to explain the steps taken by UCC in its attempts to correct, revise, and/or finalize its monthly contribution reports to the Fund for the months of May 2023 through the present.
- Interrogatory #2, in which the Fund asks UCC to identify each and every person who performed any work for UCC, during the period of May 2023 through the present, that was governed, or arguably governed, by the terms of any collective bargaining agreement between UCC and one or more of the Unions, and, for each such person, to identify the total number of hours of work they performed, the total number of hours for which UCC believes contributions should be due, and the total dollar value of the contributions UCC actually made to the Fund in connection with the work of each person.
- Interrogatory #4, in which the Fund asks UCC to identify any and all documentation and evidence which UCC intends to rely on to refute Plaintiffs' calculation of UCC's delinquent contributions to the Fund.
- Interrogatory #5, in which the Fund asks UCC to identify the titles and dates of employment of all UCC employees who are or were engaged in work governed by the CBAs, or arguably governed by the CBAs, at any point during the period of May 1, 2023, through the present.
- Interrogatory #6, in which the Fund asks UCC to identify any and all reasons, including but not limited to asserted legal errors, asserted mathematical errors, and Defendant's asserted payment of the amounts sought, based on which you contend that Defendant does not owe any amounts to the Fund, or owes a different amount than the amount sought by the Fund, in connection with the months of May 2023 through November 2023.
- Interrogatory #7, in which the Fund asks UCC to identify all facts and documents supporting UCC's response to Interrogatory No. 6.
- Interrogatory #9, in which the Fund asks UCC to identify each person employed by UCC who is or was, from January 1, 2023, through the present, responsible for determining UCC's payroll practices, determining UCC's contribution obligation to the Fund, and/or remitting UCC's monthly contributions to the Fund.
- Interrogatory #10, in which the Fund asks UCC to identify all facts and documents such person(s) identified in Interrogatory No. 9 relied on to make such determinations.
- Interrogatory #11, in which the Fund asks UCC to identify each person who provided answers to or assisted in the preparation of UCC's responses to Plaintiffs' First Interrogatories to Defendant, Plaintiffs' First Request for Admission, and/or Plaintiffs' First Request for Production.

**ARGUMENT AND AUTHORITIES**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Id.* (citation omitted). Courts look unfavorably upon restrictions placed upon the discovery process, and "[t]he burden rests upon the objecting party to show why a particular discovery request is improper." *Id*.

As of the date of this Motion, UCC has neither objected nor responded to any of Plaintiffs' Interrogatories or Requests for the Production of Documents. Nonetheless, Plaintiffs have limited this Motion, to the extent possible, to include the minimum information and records necessary to prosecute their case.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, respectfully request that this Court grant their Motion; enter an order compelling UCC to provide written discovery responses, and to produce all responsive documents to Plaintiffs, as set forth in this Motion, and granting Plaintiffs such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/Alex Behn*
Alex Behn, Esq.
Asher, Gittler & D'Alba

Asher, Gittler & D'Alba, Ltd.
Alex Behn
Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
ajb@ulaw.com
mjp@ulaw.com
*Attorneys for Plaintiffs*

Dated: May 30, 2025

## CERTIFICATION AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE RULE 37(a)(1) AND LOCAL RULE 37.2

The undersigned attorney hereby certifies that, as demanded by Federal Rules of Civil Procedure Rule 37(a)(1) and Local Rule 37.2, he attempted to confer with opposing counsel in order to resolve the issues raised in this Motion. The discovery requests at issue were served on December 3, 2024. The undersigned sent a letter to opposing counsel asserting inadequacies with the discovery responses on February 28, 2025. Despite ongoing communications regarding settlement, Defendant has failed to respond to Plaintiffs' deficiency letter or confer regarding Defendant's discovery responses.

Respectfully submitted,

*/s/ Alex Behn*
Alex Behn

Asher, Gittler & D'Alba, Ltd.
Alex Behn
Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
ajb@ulaw.com
mjp@ulaw.com
*Attorneys for Plaintiffs*

Dated: May 30, 2025

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 30, 2025, a true and correct copy of the foregoing Motion to Compel was filed with the Court by electronic filing via the CM/ECF system, and the same was served upon the parties' counsel of record by the undersigned via the CM/ECF system and by email.

                    Respectfully submitted,

                    */s/Alex Behn*
                    Alex Behn, Esq.
                    Asher, Gittler & D'Alba

Alex Behn
Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
ajb@ulaw.com
mjp@ulaw.com
*Attorneys for Plaintiffs*